# UNITED STATES COURT OF APPEALS FOR THE FOURTH CIRCUIT
# DOCKETING STATEMENT--CIVIL/AGENCY CASES

**Directions:** Counsel must make a **docketing statement (civil/agency) filed** entry in CM/ECF within 14 days of docketing of the appeal, or within the due date set by the clerk's docketing notice, whichever is later. File with the entry the (1) docketing statement form with any extended answers and (2) any transcript order form. Parties proceeding pro se are not required to file a docketing statement. Opposing counsel who finds a docketing statement inaccurate or incomplete may file any objections within 10 days of service of the docketing statement using the ECF event-**docketing statement objection/correction filed**.

| | |
|---|---|
| **Appeal No. & Caption** | 24-1270, In re: Aqueous Film-Forming Foams Products |
| **Originating No. & Caption** | 2:18-mn-02873-RMG, In re: Aqueous Film-Forming Foams Pro |
| **Originating Court/Agency** | U.S. District Court for the District of South Carolina |

| **Jurisdiction** (answer any that apply) | | | |
|---|---|---|---|
| Statute establishing jurisdiction in Court of Appeals | 28 U.S.C. § 1447(d) | | |
| Time allowed for filing in Court of Appeals | 30 days | | |
| Date of entry of order or judgment appealed | 2/29/2024 | | |
| Date notice of appeal or petition for review filed | 3/28/2024 | | |
| If cross appeal, date first appeal filed | N/A | | |
| Date of filing any post-judgment motion | N/A | | |
| Date order entered disposing of any post-judgment motion | N/A | | |
| Date of filing any motion to extend appeal period | N/A | | |
| Time for filing appeal extended to | N/A | | |
| Is appeal from final judgment or order? | | ○ Yes | ◉ No |
| If appeal is not from final judgment, why is order appealable? | | | |
| After 3M removed this case under 28 U.S.C. §§ 1441 & 1442(a), the District Court remanded it to state court. 28 U.S.C. § 1447(d) provides that "an order remanding a case to the State court from which it was removed" pursuant to § 1442 "shall be reviewable by appeal." | | | |

| **Settlement** (The docketing statement is used by the circuit mediator in pre-briefing review and mediation conducted under Local Rule 33. Counsel may make a confidential request for mediation by calling the Office of the Circuit Mediator at 843-731-9099.) | | |
|---|---|---|
| Is settlement being discussed? | ○ Yes | ◉ No |

| Transcript (transcript order must be attached if transcript is needed and not yet on file) | | |
|---|---|---|
| Is transcript needed for this appeal? | ○ Yes | ◉ No |
| Has transcript been filed in district court? | ○ Yes | ◉ No |
| Is transcript order attached? | ○ Yes | ◉ No |

| Case Handling Requirements (answer any that apply) | | |
|---|---|---|
| Case number of any prior appeal in same case | N/A | |
| Case number of any pending appeal in same case | N/A | |
| Identification of any case pending in this Court or Supreme Court raising similar issue | Yes, State of Maryland v. 3M Co., 24-1218 | |
| | If abeyance or consolidation is warranted, counsel must file an appropriate motion. | |
| Is expedited disposition necessary? | ○ Yes | ◉ No |
| | If yes, motion to expedite must be filed. | |
| Is oral argument necessary? | ◉ Yes | ○ No |
| Does case involve question of first impression? | ◉ Yes | ○ No |
| Does appeal challenge constitutionality of federal or state statute in case to which federal or state government is not a party | ○ Yes | ◉ No |
| | If yes, notice re: challenge to constitutionality of law must be filed. | |

**Nature of Case** (Nature of case and disposition below. Attach additional page if necessary.)

This appeal concerns the State of South Carolina's attempt to split its claim for damages from per- and polyfluoroalkyl substances ("PFAS") manufactured or sold by 3M and other defendants. In August 2023, the State filed a complaint in state court alleging that PFAS contaminated natural resources in South Carolina. The suit sought recovery for PFAS contamination resulting from products other than aqueous film-forming foam ("AFFF"), which is used by the military and others to extinguish life-threatening fires. In October 2023, the State filed a second suit in state court seeking damages for PFAS from AFFF sources. In November 2023, 3M removed both cases to the U.S. District Court for the District of South Carolina based on federal officer jurisdiction under 28 U.S.C. §1442(a) and federal enclave jurisdiction under 28 U.S.C. §1441. Both cases were then consolidated into a multidistrict litigation based in the District of South Carolina that involvess PFAS from AFFF sources. Meanwhile, the State moved to remand this case -- the "non-AFFF" case -- to state court. The District Court granted South Carolina's motion to remand. Pursuant to 28 U.S.C. §1447(d), 3M appeals the district court's order remanding this case to South Carolina state court.

| **Issues** (Non-binding statement of issues on appeal. Attach additional page if necessary) |
|---|
| Whether the district court erred in holding that federal jurisdiction is lacking under the federal officer removal statute, 28 U.S.C. §1442(a)(1), when the State's claims alleging PFAS contamination from non-AFFF sources necessarily implicate 3M's government contractor defense stemming from its provision of certain AFFF PFAS products to the military.<br><br>Whether the district court erred in holding that federal jurisdiction is not available under 28 U.S.C. §1441(a) because the State's claims arose in part on federal enclaves. |

| **Adverse Parties** (List adverse parties to this appeal and their attorneys; provide party's address if the party is not represented by counsel. Attach additional page if necessary.) ||
|---|---|
| Adverse Party: State of South Carolina | Adverse Party: |
| Attorney: Vincent Austin Sheheen<br>Address: Savage, Royall & Sheheen, LLP<br>1111 Church Street<br>P.O. Drawer 10<br>Camden, SC 29020 | Attorney:<br>Address: |
| E-mail: vsheheen@thesavagefirm.com | E-mail: |
| Phone: 803-432-4391 | Phone: |
| **Adverse Parties (continued)** ||
| Adverse Party: | Adverse Party: |
| Attorney:<br>Address: | Attorney:<br>Address: |
| E-mail: | E-mail: |
| Phone: | Phone: |

| Appellant (Attach additional page if necessary.) ||
|---|---|
| Name: 3M Company<br><br>Attorney: Lauren R. Goldman<br>Address: Gibson, Dunn & Crutcher LLP<br>200 Park Avenue<br>New York, NY 10166<br><br>E-mail: lgoldman@gibsondunn.com<br><br>Phone: 212-351-2375 | Name:<br><br>Attorney:<br>Address:<br><br>E-mail:<br><br>Phone: |
| **Appellant (continued)** ||
| Name:<br><br>Attorney:<br>Address:<br><br>E-mail:<br><br>Phone: | Name:<br><br>Attorney:<br>Address:<br><br>E-mail:<br><br>Phone: |

**Signature:** /s/ Lauren R. Goldman   **Date:** 4/16/2024

**Counsel for:** 3M Company

**Certificate of Service** *(required for parties served outside CM/ECF)*: I certify that this document was served on _____ by ☐ personal delivery; ☐ mail; ☐ third-party commercial carrier; or ☐ email (with written consent) on the following persons at the addresses or email addresses shown:

Signature:   Date: