No. 24-1270

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FOURTH CIRCUIT

| | |
|---|---|
| STATE OF MARYLAND<br><br>   *Plaintiff-Appellee*,<br><br>v.<br><br>3M COMPANY<br><br>   *Defendant-Appellant*. | No. 24-1218<br><br>Appeal from Civil Action No. 1:23-cv-01836-RDB, U.S. District Court for the District of Maryland |
| IN RE: AQUEOUS FILM-FORMING FOAMS PRODUCTS LIABILITY LITIGATION | No. 24-1270<br><br>Appeal from MDL No. 2:18-mn-2873-RMG, U.S. District Court for the District of South Carolina |
| STATE OF SOUTH CAROLINA, *ex rel.* Alan M. Wilson, in his official capacity as Attorney General of the State of South Carolina<br><br>   *Plaintiff-Appellee*,<br><br>v.<br><br>3M COMPANY<br><br>   *Defendant-Appellant*. | No 24-1270<br><br>Appeal from Civil Action No. 2:23-cv-05979-RMG, U.S. District Court for the District of South Carolina |

# MOTION OF DEFENDANT-APPELLANT 3M COMPANY TO CONSOLIDATE APPEALS

Lauren R. Goldman
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY 10166
P: (212) 351-2375
F: (212) 716-0875
lgoldman@gibsondunn.com

Amir C. Tayrani
Katherine Moran Meeks
Zachary Tyree
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue NW
Washington, DC 20036
P: (202) 955-8500
F: (202) 467-0539
atayrani@gibsondunn.com
kmeeks@gibsondunn.com
ztyree@gibsondunn.com

*Counsel for 3M Company*

Pursuant to Federal Rule of Appellate Procedure 3(b)(2) and Fourth Circuit Local Rule 12(b), Defendant-Appellant 3M Company ("3M") respectfully moves this Court for an order consolidating appeal Nos. 24-1218 and 24-1270. The States of Maryland and South Carolina have been informed of this motion, and they do not consent to the request.

Consolidation is appropriate because each appeal involves the same defendant-appellant—3M—and presents nearly identical issues in the same procedural posture. The Court issued the briefing order for No. 24-1218 on March 29, 2024, and then granted an extension of time for filing the opening brief and appendix until June 7, 2024. The Court has not yet issued a briefing order for No. 24-1270. Consolidation will not create undue delay or disrupt the efficient and orderly resolution of these appeals.

The first appeal, No. 24-1218, arose out of complaints the State of Maryland filed in state court against 3M and other defendants. The complaints alleged that per- and polyfluoroalkyl substances ("PFAS") manufactured and/or sold by the defendants contaminated natural resources in Maryland. In one suit, the State sought recovery for PFAS found in aqueous film-forming foam ("AFFF"), a product used by the military and others to extinguish life-threatening fires. In the other, the State purported to seek damages for PFAS from "non-AFFF" sources. 3M removed both cases to the U.S. District Court for the District of Maryland based on federal officer

1

jurisdiction under 28 U.S.C. § 1442(a) and federal enclave jurisdiction under 28 U.S.C. § 1441. *Maryland v. 3M Co., et al.*, No. 1:23-cv-01836-RDB, Dkt. 1 (D. Md. July 10, 2023); *Maryland v. 3M Co., et al.*, No. 1:23-cv-01834-RDB, Dkt. 1 (D. Md. July 10, 2023). 3M asked the U.S. Judicial Panel on Multidistrict Litigation to transfer the cases to an ongoing multidistrict litigation ("MDL") in the District of South Carolina involving PFAS in AFFF. Meanwhile, the State moved to remand the purported "non-AFFF" case back to state court. The Judicial Panel transferred the AFFF case to the MDL and denied transfer of the "non-AFFF" case. The district court then granted the State's motion to remand the "non-AFFF" case to state court on February 12, 2024. No. 1:23-cv-01836-RDB, Dkt. 47. Pursuant to 28 U.S.C. § 1447(d), 3M appealed the district court's order remanding the action to Maryland state court.

Appeal No. 24-1270 followed a virtually identical arc. The State of South Carolina filed two complaints in state court alleging that PFAS manufactured and/or sold by 3M and other defendants contaminated natural resources in South Carolina. Like the State of Maryland, the State of South Carolina purported to split its claims into two actions—one seeking recovery for PFAS from AFFF and the other for PFAS from "non-AFFF" sources. 3M removed both cases to the U.S. District Court for the District of South Carolina based on federal officer jurisdiction under 28 U.S.C. § 1442(a) and federal enclave jurisdiction under 28 U.S.C. § 1441. *South*

2

*Carolina v. 3M Co., et al.*, No. 2:23-cv-05979-RMG, Dkt. 1 (D.S.C. Nov. 21, 2023); *South Carolina v. 3M Co., et al.*, No. 2:23-cv-05734-RMG, Dkt. 1 (D.S.C. Nov. 9, 2023). Because the ongoing MDL is located in the District of South Carolina, the cases were assigned to the judge overseeing the MDL and consolidated into the MDL. The State of South Carolina then moved to remand the supposed "non-AFFF" case to state court, and the district court granted the motion on February 29, 2024. No. 2:23-cv-05979-RMG, Dkt. 13. 3M appealed the remand order pursuant to 28 U.S.C. § 1447(d).

This Court should consolidate the appeals from the remand orders in the Maryland and South Carolina cases. Both appeals involve similar factual allegations—concerning alleged PFAS contamination of state natural resources. Even more critically, both present the same legal question: Whether the States can artificially split their claims between alleged PFAS contamination from "AFFF" and "non-AFFF" sources in order to defeat federal jurisdiction under 28 U.S.C. §§ 1441 and 1442(a) in the "non-AFFF" cases. In addition, the district court orders remanding both cases relied on the same rationale: Because the "non-AFFF" suits disclaimed any damages arising from 3M's production or sale of AFFF products, the suits did not relate to 3M's status as a federal government contractor for purposes of 28 U.S.C. § 1442(a). *Maryland*, No. 1:23-cv-01836-RDB, Dkt. 47, at 5–8 (D. Md. Feb. 12, 2024); *South Carolina*, No. 2:23-cv-05979-RMG, Dkt. 13, at 3–5 (D.S.C.

Feb. 29, 2024). As for federal enclave jurisdiction, both courts reasoned that only some of the State's claims arose on federal enclaves, and both courts declined to exercise supplemental jurisdiction over the remaining claims. *Maryland*, No. 1:23-cv-01836-RDB, Dkt. 47, at 8–9; *South Carolina,* No. 2:23-cv-05979-RMG, Dkt. 13, at 5–6.

Because both appeals involve the same legal issues, 3M is likely to raise the same, or very similar, arguments in both appeals. Consolidation would conserve party and judicial resources and promote the efficient resolution of both cases. Nor would consolidation cause any prejudice to the States. While 3M would propose filing a single opening brief in both appeals, it has no objection to the filing of separate briefs by the States of Maryland and South Carolina. Each State would continue to be represented by separate counsel and would remain free to raise unique arguments (if any) supporting remand of its "non-AFFF" case to state court. 3M would then file a single reply brief, after seeking an enlargement of the word limit if necessary to respond to each State's arguments.

For the foregoing reasons, 3M respectfully requests that the Court consolidate appeal No. 24-1218 and appeal No. 24-1270.

May 1, 2024  Respectfully submitted,

*/s/ Lauren R. Goldman*

Lauren R. Goldman
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY 10166
P: (212) 351-2375
F: (212) 716-0875
lgoldman@gibsondunn.com

*/s/ Amir C. Tayrani*

Amir C. Tayrani
Katherine Moran Meeks
Zachary Tyree
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue NW
Washington, DC 20036
P: (202) 955-8500
F: (202) 467-0539
atayrani@gibsondunn.com
kmeeks@gibsondunn.com

*Counsel for 3M Company*

# CERTIFICATE OF COMPLIANCE

Pursuant to Federal Rule of Appellate Procedure 32(g)(1), the undersigned certifies that this motion complies with the applicable typeface, type style, and type-volume limitations.  In accordance with Federal Rules of Civil Procedure 32(a)(5) and 32(a)(6), this motion was prepared using a proportionally spaced type (Times New Roman, 14 point font).  In accordance with Federal Rule of Appellate Procedure 27(d)(2)(A), exclusive of the portions exempted by Federal Rule of Appellate Procedure 32(f), this motion contains 928 words.  This certificate was prepared in reliance on the word-count function of the word-processing system used to prepare this motion.

May 1, 2024

                                        */s/  Amir C. Tayrani*
                                        Amir C. Tayrani
                                        GIBSON, DUNN & CRUTCHER LLP
                                        1050 Connecticut Avenue, N.W.
                                        Washington, D.C.  20036
                                        (202) 887-3692

**CERTIFICATE OF SERVICE**

I hereby certify that on May 1, 2024, the foregoing was served on all parties or their counsel of record through the CM/ECF system.

                                                                           */s/ Amir C. Tayrani*
                                                                           Amir C. Tayrani
                                                                           GIBSON, DUNN & CRUTCHER LLP
                                                                           1050 Connecticut Avenue, N.W.
                                                                           Washington, D.C. 20036
                                                                           (202) 887-3692